UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Melvin Bivings Williams, | ) | C/A No. 4:09-1683-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Leory Cartlidge, Warden-McCormick Correctional Inst., | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Melvin Bivings Williams ("Petitioner/Williams"), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on June 26, 2009. Respondent filed a motion for summary judgment on October 9, 2009, along with a return, supporting memorandum, and exhibits. The undersigned issued an order filed October 14, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition on November 25, 2009. Petitioner filed a motion for summary judgment on February 22, 2010, and Respondent found a response in opposition. (Docs. # 24 and #25).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

# I. PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been seriously disputed by the Petitioner. In fact, Petitioner's stated in his response to the motion for summary judgment that "Respondent's assertion of these facts are true and factual." (Doc. #23). Therefore, the undisputed procedural history as stated by the Respondent is set forth herein.

Petitioner is currently confined at the McCormick Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Spartanburg County. Petitioner was indicted by the Spartanburg County Grand Jury during the October 30, 2006, Term of the Court of General Sessions for Trafficking in Cocaine Base and/or Crack Cocaine (2006-GS-42-3577) and Trafficking in Crack Cocaine (2006- GS-42-3576). Petitioner was represented by Patricia Anderson, Esquire. (App. 62-80). The State was represented by Assistant Solicitor Jessica Thill, Esquire, of the Ninth Judicial Circuit. Id. On November 30, 2006, Petitioner pleaded guilty on the trafficking indictment 2006- GS-42-3577. Id. The Honorable Daniel F. Pieper, Circuit Court Judge, sentenced Petitioner to fifteen (15) years confinement pursuant to a negotiated sentence. (App. 78). Petitioner did not file a direct appeal.

Petitioner filed an Application for Post-Conviction Relief on February 26, 2007 (2007-CP-43-427), alleging violations of the 6th and 14th Amendments, due process, and inadequate counsel. (App. 32-44). Specifically, Petitioner asserted plea counsel never presented a strategy to him, never asked for a discovery packet, never conversed with him about any preparation for his case, conspired with the prosecution to resolve his situation without any consideration of his. (App. 36-7). On May 30, 2007, Petitioner filed a Motion for Leave to Amend Amendment to Application for P.C.R. (App. 46-50). In his Motion to Amend, Petitioner added an additional claim. He asserted he was deprived

of effective assistance of trial counsel in violations of Article I, Section 3 and 14, Sections XII, Sections 2 of the South Carolina Constitution and the 6th and 8th, and 14th Amendments of the United States Constitution. The State filed its Return on May 25, 2007. (App. 51-4).

An evidentiary hearing was held on November 9, 2007, before the Honorable Roger L. Couch, Circuit Court Judge. (App. 1-31). Petitioner was present and was represented by Douglas Brannon, Esquire. Id. The State was represented by Assistant Attorney General S. Prentiss Counts, Esquire. Id. In an Order of Dismissal filed January 15, 2008, the PCR Court dismissed Petitioner's Application for Post-Conviction Relief with prejudice. (App. 55-61).

Petitioner filed a Notice of Appeal on January 30, 2008. In a filing dated March 20, 2008, Petitioner filed an Objection and Motion for Reconsideration pursuant to SCRCP 60(b)(1). In an Order dated April 1, 2008, the South Carolina Supreme Court ordered the PCR Court not to take any action on the Motion. In the Order, the South Carolina Supreme Court noted in January 2008, a notice of appeal was served and filed in this matter. Petitioner advised the Court that he had filed a pro se Rule 60(b), SCRCP, motion in the circuit court. That motion was dated March 10, 2008. Since the Supreme Court had not granted Petitioner leave to make this motion during the pendency of that appeal, the motion was thereby stricken, and the circuit court was directed to take no action on the motion. See Rule 60, SCRCP (during pendency of an appeal, appellate court must grant leave to make the motion).

In his PCR Appeal, Petitioner was represented by Kathrine H. Hudgins, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal was perfected with the filing of a Johnson Petition for Writ of Certiorari. In the Johnson Petition, counsel argued the PCR judge erred in refusing to find counsel ineffective for

3

failing to file a motion to suppress. Petitioner filed a Pro Se Brief for Writ of Certiorari. In his pro se Brief, Petitioner argued plea counsel was ineffective for failing to follow Petitioner's instructions in filing a motion to suppress evidence illegally obtained; plea counsel was ineffective when Petitioner, deciding he did not wish to proceed with the plea hearing, instructed counsel to stop proceedings, yet counsel failed to do so; counsel at plea hearing was ineffective in giving misleading and inaccurate information to Petitioner alluding to Petitioner getting a sentence that far exceeds mandated sentence guidelines in order to get Petitioner to accept plea; and PCR counsel was ineffective in not presenting the issues Petitioner instructed counsel to add to and present at hearing. Petitioner also filed an Attachment to Petition for Writ of Certiorari. In the Attachment, Petitioner argued the Spartanburg County Court of General Sessions did not have subject matter jurisdiction to hear his case, and plea counsel and PCR counsel provided ineffective assistance of counsel in failing to recognize that indictment 06-GS-42-3577 was invalid as to deprive Spartanburg County Court of General Sessions of Subject Matter Jurisdiction.

In an Order dated April 13, 2009, the South Carolina Supreme Court denied the <u>Johnson</u> Petition for Writ of Certiorari. In the Order, the South Carolina Supreme Court noted the matter was before the Court on a petition for a writ of certiorari following the denial of Petitioner's application for post-conviction relief. Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation. Petitioner had filed a pro se response. After consideration of the record as required by <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988), the South Carolina Supreme Court denied the petition for a writ of certiorari and granted counsel's request to withdraw. The Remittitur was issued on April 29, 2009.

## II. HABEAS ALLEGATIONS

Petitioner filed this federal habeas petition on June 26, 2009, raising the following allegations, quoted verbatim:

Ground One:   Ineffective Assistance of Counsel

Supporting Facts:   Plea counsel failed to file a motion to suppress evidence that petitioner felt was illegally obtained subsequent to search of petitioner. Petitioner had given nephew a ride to grocery store and unbeknown to petitioner, his nephew had received a call from what is now identified as an informant for Spartanburg Sheriff's Office setting up an undercover drug sale between petitioner's nephew and narcotic's agents for the sheriff's office. Petitioner let nephew out of his car at a Bi-Lo grocery, parked and proceed to wait for his nephew to conclude his grocery shopping. Petitioner's nephew makes undercover drug sale and is arrested at that time. After which, officers, after locating petitioner's car in parking lot, pulls petitioner from his car and without permission begins a search of petitioner and his car. Found on petitioner's person was a substance believed to be crack cocaine in an approximate amount of 118 grams. Petitioner is then arrested and charged with trafficking crack cocaine 100+ grams. Petitioner is also charged with trafficking 28 grams of crack cocaine which is the cocaine his nephew sold to undercover operative and was arrested for. Also, during petitioner's hearing, it was found that the Judge during questions to petitioner in regards to the nature of charges and consequences, revealed to petitioner that consequences of his charges were a possible sentence of 7 to 25 years but plea counsel had instructed petitioner that if he did not accept state offer of 15 years, he would get 50 years. Counsel made statement "15 years is better than 50." Petitioner stoped plea hearing and stated to counsel his whishes to withdraw plea Yet counsel stated to petitioner it was too late to turn back, which led to petitioner receiving a 15 year sentence. _____. The actions of petitioner's counsel before and during plea hearing constitutes inadequate performance which is a violation of the Six Amendment of the Constitution.

Ground Two:  Subject Matter Jurisdiction

| | |
|---|---|
| Supporting Facts: | The indictments in this case, #2006-GS-42-3357, were presented to the Spartanburg County Grand Jury October 26, 2006. Petitioner was arrested and arrest warrants were issued on April 11, 2006, 195 days before indictment(s) were sought. These actions by the Solicitor's office of Spartanburg County violated South Carolina rules of court regarding disposition of Arrest warrant(s), where the Solicitor only had 90 days between Arrest and seeking indictment(s) This action should invalidate the indictment(s) thereby divesting the Spartanburg County Court of General Sessions subject matter jurisdiction. |
| Ground Three: | Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure. |
| Supporting Facts: | Petitioner was arrested after a search of his person revealed a substance which was believed to be crack cocaine. This incident occurred at a Bi Lo grocery store parking lot after petitioner gave his nephew, Ricky Williams, a ride to said store, and after petitioner's nephew had been arrested somewhere on the other side of the parking lot for saling[sic] narcotics to an undercover operative working for the Spartanburg County Sheriff's Office which petitioner knew nothing about. The search of petitioner violated petitioner's Fourth Amendment Constitutional rights because petitioner was detained and his person and car was searched without probable cause. |

(Brief attached to Petition).

### III.  SUMMARY JUDGMENT

Respondent filed a motion for summary judgment, and Petitioner responded.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor

can the court

assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the Petitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (*quoting* Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## V. DISCUSSION AS TO PROCEDURAL BAR

### A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas Petitioner to first submit his claims for relief to the state courts. The two theories

rely on the same rationale. The general rule is that a Petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in

conjunction, it is clear that § 2254 requires a Petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir.

1983). However, if Petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

### 2.Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state

procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, supra, quoting Wainwright v. Syke s, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a Petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which

have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a Petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the Petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a

claim is procedurally barred, it should not stray into other considerations.

## VI. ANALYSIS

### GROUND ONE

In Ground One of the habeas petition, Petitioner argues counsel was ineffective for failing to suppress evidence that Petitioner felt was illegally obtained subsequent to a search of the Petitioner, counsel gave him incorrect advise concerning possible sentencing, and counsel failed to withdraw the plea after Petitioner's request.

Respondent argues that these issues are procedurally defaulted. With regard to the first issue raised in Ground One, Respondent asserts that the State Court did not rule on the merits of these claims were not ruled upon the merits since a Johnson petition was filed on Petitioner's behalf under State v. Lyles, 673 S.E. 2d 811, 813 (2009). The undersigned disagrees.

First, the undersigned notes that Respondent asserts that Petitioner's allegations in his petition are procedurally defaulted in that the state supreme court did not consider the merits of any issue raised on certiorari since collateral appellate counsel filed a Johnson Petition for Writ of Certiorari. Respondent argues that the South Carolina Supreme Court in State v. Lyles, 381 S.C. 442, 673 S.E.2d 811 (2009), made clear that the state appellate court's review pursuant to Anders or, by analogy Johnson, does not involve consideration of the merits of any issue. Respondent seems to argue that a petitioner cannot exhaust any claim for habeas purpose by way of an Anders brief on direct appeal or a Johnson petition for writ of certiorari following denial of a PCR. However, at least three District Court cases have not agreed with respondent's argument. See Ehrhardt v. Cartledge, 2009 WL 2366095 (D.S.C. July 30, 2009); Missouri v. Beckwith, 2009 WL 3233521 (D.S.C. Sep.

29, 2009); Singleton v. Eagleton, 2009 WL 2252272 (D.S.C. July 28, 2009). Respondent presents no authority supporting its position, and the undersigned will address the claims on the merits and on Respondent's further arguments for summary judgment.

Respondent argues Petitioner fails to show that the PCR Court unreasonably applied federal law to this claim that plea counsel was ineffective for not filing a motion to suppress the evidence from the search of his person and car. Respondent argues that this claim should be dismissed as it lacks merit.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A Petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

15

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Lockhart v. Fretwell, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result of the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." See Williams v. Taylor, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting Lockhart, at 369-70).

At the PCR hearing, trial counsel testified that counsel talked to Petitioner about suppressing evidence but testified "[b]ut it was my professional opinion that I could not get it suppressed. I did not make that motion because they found over 118 grams of crack on Melvin's body." (PCR tr. 19). Counsel testified that Petitioner told her that he was not asked permission to search Petitioner or the vehicle. Counsel testified that she felt that it was a plain view search. Upon cross examination, counsel was questioned if it was counsel's professional advice for Petitioner to take the plea. Counsel testified as follows:

> Yes, because I was able to get them to drop one of the charges against him, and I never told Mr. Williams he was looking at 50 years. I said it was a possible 50 years because the amount of, the cocaine base that he had was found on him was, was a mandatory 25 years. And when they dropped that and offered to let him plead to the lesser included offense of 28 grams and offered the 15 years, I told him I thought that was a very good deal.
>
> I did not think I could get the drugs suppressed because I felt like the police, since he rode with the person who got out of the car to make the buy and who they, the C.R.I. had made a deal with, I felt like that I did not think that cert[sic], that the drugs found on Melvin would be thrown out.

(PCR tr. 23-24).

Counsel testified that it was her opinion that it was in Petitioner's best interest to plead guilty and that, at the

time of the PCR hearing, she still thought that was the best for Petitioner.

A review of the Order of Dismissal reveals the PCR Court found the Petitioner was not credible and trial counsel was credible. (PCR Order of Dismissal, tr. 5). The PCR court found as follows:

> This Court finds that counsel was not ineffective for failing to file a motion to suppress the evidence. Counsel testified that it was her professional opinion that the drugs would not be suppressed and he should ple[a]d guilty to the reduced charge. Counsel discussed this motion with the Applicant and he chose to waive his right to challenge the search warrant and receive the benefit of pleading guilty. This Court notes that law enforcement has a right to perform a warrantless search where there's reasonable risk of danger to the officers. This Court denies and dismissed this allegation.
>
> Furthermore, this Court finds that the Applicant has failed to prove prejudice from any alleged ineffective assistance of counsel he received. The Applicant failed to show, with reasonable probability, but for counsel's alleged ineffectiveness, he would not have pled guilty.

(PCR Order of Dismissal, p. 5).

The undersigned has reviewed the record and concludes that Respondent's motion for summary judgment should be granted on this issue. The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance was deficient by showing that her representation fell below an objective standard of reasonableness and, further, he has not shown that the attorneys' performance actually prejudiced him. Trial counsel opined that she could not get the evidence suppressed and that it was in Petitioner's best interest to take the plea considering they were reducing the charge. Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 844 F.2d 170 (4th Cir.1991).

As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Hill and Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. The state court decisions did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." §

2254(d)(1), (2); Williams, supra. Even assuming, *arguendo,* that Petitioner's counsel was found to be ineffective with respect to these issues, Petitioner has not shown prejudice. Petitioner failed to show that he would not have pleaded guilty and would have insisted on going to trial. Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted on this issue.

As to the second and third claims under Ground One, Respondent argues they are procedurally barred. Respondent asserts that the second claim that counsel gave him improper advice on sentencing, and the third claim that counsel failed to end the plea hearing when he made such a request are procedurally defaulted because the PCR court never ruled on these two issues and would not be preserved for appellate review.

The undersigned finds these two issues raised in Ground One are procedurally barred from federal habeas review. As these two issues were not raised in his application for PCR or ruled upon by the PCR court, these issues are procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, (1991). As to the procedural default, the Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where

a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the Respondent's motion for summary judgment be granted with regards to these two issues under Ground One.

**GROUND TWO**

In Ground Two, Petitioner contends the plea court lacked subject matter jurisdiction because he was not indicted within ninety days of his arrest. Respondent argues this issue is procedurally defaulted because it was not properly presented to the South Carolina appellate courts in a procedurally viable manner when he had the opportunity.

As this issue pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.1998). Therefore, the undersigned recommends that Ground Two of the habeas petition be dismissed.

**GROUND THREE**

In Ground Three, Petitioner asserts that the search that led to the recovery of the crack cocaine from his pocket was an unreasonable search and seizure in violation of his Fourth Amendment rights. Respondent argues that this claim was not raised at Petitioner's plea hearing nor on direct appeal. Therefore, Respondent contends this issue is procedurally barred and federal habeas review of this claim is now precluded.

This claim must be rejected because an alleged violation of the Fourth Amendment as a

freestanding claim cannot constitute grounds for habeas relief. *See* Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) (concluding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial");Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir.1978) (applying Stone and holding that where a state court provides a mechanism under state practice to litigate Fourth Amendment claims, then the court "need not inquire further into the merits of the petitioner's case ... unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired."). Accordingly, it is recommended that Ground Three be dismissed.

## VII. CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (document #15) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus should be denied, and the petition dismissed without an evidentiary hearing and the motion for summary judgment (document #24) filed by Petitioner be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 26, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**