UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Melvin Bivings Williams, | ) | C/A No. 4:09-1683-JFA-TER |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| Leroy Cartlidge, Warden of McCormick Correctional Institution, | ) | |
| Respondent. | ) | |

The *pro se* petitioner, Melvin Bivings Williams, is an inmate at the South Carolina Department of Corrections serving a term of incarceration of fifteen years upon a guilty plea to a state conviction for trafficking in cocaine base. He has filed a petition pursuant to 28 U.S.C. § 2254 contending that several constitutional violations render his conviction and resulting sentence infirm.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 26, 2010. Petitioner filed timely objections to the Report. The matter thus appears ripe for this court's review.

The Report and Recommendation contains an exhaustive recitation of the procedural history of the case and in his objection memorandum, the petitioner concedes that his recitation is accurate.

*Ground 1*

This Ground consists of three distinct claims for relief. First, petitioner argues that his trial counsel was constitutionally ineffective for failing to file a motion to suppress evidence that was found on his person. Second, petitioner contends that this trial counsel gave him incorrect advice concerning possible sentences. Third, he contends that trial counsel failed to withdraw his plea after the petitioner requested that he do so.

The respondent argues that all three of these grounds are procedurally defaulted. The Magistrate Judge agrees as to the second and third grounds, but disagrees as to the first. As to the first claim, however, the Magistrate Judge has determined that it fails on its merits. This court agrees with the Magistrate Judge in all respects.

The first claim in Ground 1 is an assertion that petitioner's trial counsel should have filed a motion to suppress the fruits of a search. This issue was raised in the state post-conviction relief (PCR) hearing and decided adversely to the petitioner. It is thus properly before this court. Following the state PCR hearing, the state trial judge found that the petitioner was not credible and that his former trial counsel was credible. The state PCR

judge specifically found that trial counsel was not ineffective for failing to a motion to suppress the evidence because, in his professional opinion, such an effort would not have been successful. Trial counsel indicated that a good argument could have been made that a warrantless search was appropriate because there was a reasonable danger of risk to the officers on the scene at the time. Moreover, counsel was faced with an extremely attractive guilty plea offer from the prosecution, and counsel felt that it was best to advise the petitioner to take the offer and forego a challenge on the search issue that was destined to fail.

On this record, the Magistrate Judge concludes that the petitioner has not demonstrated that his attorney's performance was deficient by showing that his representation fell below an objective standard of reasonableness. Moreover, petitioner has not shown that the attorney's performance actually prejudiced him. *Strickland v. U.S.*, 466 U.S. 668 (1984). Accordingly, the Magistrate Judge concludes that the PCR court's rejection of the ineffective assistance of counsel claim was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Nor was the decision of the PCR court based on an unreasonable determination of facts in light of the evidence presented at the state court proceedings.

In objecting to this portion of the Report and Recommendation, the petitioner merely states that the suppression motion, had one been filed, would have been successful because he has no prior criminal history involving trafficking or distribution of any controlled substances. The record indicates that the police officers' decision to search the petitioner resulted not from any past drug dealings of which the police were aware, but out of a need

to protect the safety of officers and others on the scene at the time of the search. Accordingly, the court finds no merit to the objection as to the first claim in Ground 1, and affirms the Magistrate Judge on this issue.

As to the second and third claims raised in Ground 1, the Magistrate Judge is of the opinion that these claims are procedurally barred from federal habeas review because they were not raised in petitioner's PCR or ruled upon by the PCR court. Accordingly, the Magistrate Judge determines that these issues are procedurally defaulted. Petitioner's objection memorandum does not challenge the Magistrate Judge's determination in this respect, and, as noted above, petitioner concedes that the procedural history of the case is properly recited by the Magistrate Judge. Accordingly, this court agrees with the Magistrate Judge that the second and third claims in Ground 1 are barred from consideration by this court.

*Ground 2*

In Ground 2, the petitioner contends that his conviction was obtained by a court that did not have jurisdiction over him. He points to a state court procedure requiring that an indictment issue within 90 days of the arrest of a suspect. The Magistrate Judge suggests that this issue is also procedurally defaulted because it was not properly presented to the South Carolina appellate courts in a procedurally viable manner when the petitioner had the opportunity. Turning to the merits, the Magistrate Judge correctly suggests that violations of state procedural requirements do not give rise to cognizable constitutional claim under § 2254.

4

In his objection memorandum, petitioner suggests that he did properly exhaust this claim because in his *pro se* petition for writ of certiorari, he argued "lack of subject matter jurisdiction" as one of the grounds.

It does not appear from the record recited by the Magistrate Judge that this issue was properly raised in the PCR trial court and may well not have been properly presented to the South Carolina Supreme Court. The court finds no need to address this issue, however, because the Magistrate Judge is unquestionably correct in concluding that a state procedural rule does not equate to a constitutional violation justifying relief under § 2254. Accordingly, the objection to the Magistrate Judge's recommended disposition of Ground 2 is overruled.

*Ground 3*

In Ground 3, the petitioner contends that the search that led to the recovery of the crack cocaine from his pocket was an unreasonable search in violation of the Fourth Amendment to the United States Constitution. The Magistrate Judge suggests that a freestanding Fourth Amendment claim cannot constitute grounds for habeas relief. Here, where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the grounds that the evidence was obtained in an unconstitutional search and seizure and was introduced at his trial. *Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir. 1978).

In objecting to the Magistrate Judge's recommended disposition of Ground 3, petitioner merely avers that "a constitutional violation is the highest disregard for our judicial process [and] this claim bears adjudication by this court." This is not a proper objection and

the court overrules the same.

For all the foregoing reasons, the objections are all overruled; the Report and Recommendation is incorporated herein by reference; and the respondent's motion for summary judgment is granted in all respects. The court declines to grant a certificate of appealability in this matter.[3]

IT IS SO ORDERED.

September 20, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).